UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

HUDSON SHORE ASSOCIATES LIMITED
PARTNERSHIP, *et al.*,

                 Plaintiffs,

-against-                                              1:24-CV-370 (LEK/MJK)

THE STATE OF NEW YORK, *et al.*,

                 Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On March 18, 2024, Hudson Shore Associates Limited Partnership, Haven on the Hudson LLC, Kenneth Levinson, and Hudson Valley Property Owners Association (collectively, "Plaintiffs"), brought this action against the State of New York, the New York State Division of Housing and Community Renewal ("HCR"), the Village of Nyack ("Nyack"), and the City of Poughkeepsie ("Poughkeepsie"). Dkt. No. 1 ("Complaint"). Plaintiffs seek a declaratory judgment finding that portions of the Emergency Tenant Protection Act ("ETPA"), N.Y. Unconsol. Law § 8623 (d)–(f), are facially unconstitutional. See id. ¶ 1.

The State of New York and HCR (collectively, "State Defendants") now move to dismiss the Complaint. Dkt. No. 24-1 ("Motion"). Nyack and Poughkeepsie have also submitted separate motions to dismiss. Dkt. Nos. 26, 28. Plaintiffs have filed responses to the three motions. Dkt. Nos. 32, 33. The State Defendants, Poughkeepsie, and Nyack have filed replies. Dkt. Nos. 35, 36, 37.

For the reasons that follow, the State Defendants' Motion is granted, and Nyack and Poughkeepsie's motions to dismiss are denied as moot.

1

## II.   BACKGROUND

The Court assumes familiarity with the factual background of this case, as detailed in its prior Memorandum-Decision and Order. Dkt. No. 34 ("May 2024 MDO") at 2–7.

## III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

IV.     DISCUSSION

In the May 2024 MDO, the Court considered Plaintiffs' motion for preliminary injunction, Dkt. No. 6-2 ("Preliminary Injunction Motion"). The Court denied the Preliminary Injunction Motion, finding that "Plaintiffs have not shown that they are likely to succeed on the merits of either of their claims, or that there are sufficiently serious questions regarding those claims." May 2024 MDO at 17. In coming to that conclusion, the Court effectively ruled on the merits of Plaintiffs' Complaint. The Court first found that Plaintiffs had not successfully plead that Section 8623(d)–(e) violated the Fourth Amendment because (1) the statute fell under the closely regulated business exception, and (2) the administrative search contemplated by the law was reasonable. See id. 12–14. Second, the Court found that Section 8623(f) does not violate the Fourteenth Amendment because (1) the ETPA affords "Plaintiffs the opportunity to be heard regarding the calculation of the vacancy rate," (2) "Plaintiffs have an opportunity for a post-deprivation hearing," and (3) landlords can challenge the vacancy rate by providing their own vacancy calculations. Id. 14–17.

In moving to dismiss the Complaint, the State Defendants rely on the same arguments used to support their opposition to the Preliminary Injunction Motion.[1] See Mot. at 24–25; Dkt. No. 22 at 24–25. Given that the Court has already found that it agrees with the State Defendants—i.e., that Plaintiffs' constitutional claims fail—the Court grants the Motion and dismisses this action. As the Court is dismissing this action, it does not consider Nyack or Poughkeepsie's motions to dismiss, and accordingly denies those motions as moot.

---

[1] Plaintiffs also rely on the same arguments in their response to the State Defendants' Motion as used in their Preliminary Injunction Motion and the reply to that motion. Compare Dkt. No. 33 at 13–24, with Prelim. Inj. Mot. at 10–17 and Dkt. No. 31 at 4–9.

V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the State Defendants' Motion, Dkt. No. 24, is **GRANTED**; and it is further

**ORDERED**, that Poughkeepsie's motion to dismiss, Dkt. No. 26, is **DENIED** as moot; and it is further

**ORDERED**, that Nyack's motion to dismiss, Dkt. No. 28, is **DENIED** as moot; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED**, that the Clerk is directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     June 10, 2024
           Albany, New York

LAWRENCE E. KAHN
United States District Judge